IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) <br> ) CIVIL ACTION NO. 7:24-cv-00128 <br> ) |
| Plaintiff, | ) <br> ) |
| | ) C O M P L A I N T |
| v. | ) |
| | ) |
| THE RESULTS COMPANIES, LLC, | ) <br> ) |
| | ) JURY TRIAL DEMAND |
| Defendant. | ) |

## NATURE OF THE ACTION

This is an action under Title I and Title V of the Americans with Disabilities Act of 1990, as amended ("ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Charging Party Darlamicia Gorman ("Charging Party"), who was adversely affected by such practices. As alleged with greater particularity in Paragraphs 14–47 below, Plaintiff Equal Employment Opportunity Commission ("Commission") alleges that Defendant The Results Companies, LLC ("Defendant") discriminated against Charging Party in violation of the ADA by failing or refusing to provide her with reasonable accommodation that would have allowed her to perform the essential functions of her job. The Commission further alleges that Defendant terminated Charging Party's employment because of her disability and need for a reasonable accomodation under the ADA.

## JURISDICTION AND VENUE

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706 of the Civil Rights Act of 1964,

as amended ("Title VII"), 42 U.S.C. § 2000e-5, and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. Venue is proper in the United States District Court for the Northern District of Texas as the employment practices alleged to be unlawful were committed within the jurisdiction of this Court. *See* 42 U.S.C. § 12117(a), incorporating 42 U.S.C. § 2000e-5(f)(3).

## PARTIES

3. The Commission is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Section 706 of Title VII, 42 U.S.C. § 2000e-5, and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

4. Defendant is a Florida Limited Liability Company. It provides business outsourcing services, including the operation of call centers.

5. Defendant has continuously had at least 15 employees during all periods relevant to this action.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) of the ADA, 42 U.S.C. § 12111(5), and 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701 (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g), (h).

7. At all relevant times, Defendant has continuously been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

8. More than thirty (30) days prior to the institution of this lawsuit, Charging Party

filed a Charge of Discrimination with the Commission alleging violations of the ADA by Defendant.

9. On December 7, 2023, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated the ADA and invited it to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

10. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

11. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12. On or about March 14, 2024, the Commission issued Defendant a Notice of Failure of Conciliation advising it that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

13. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

14. Since at least July 2019, Defendant has engaged in unlawful employment practices in violation of Title I of the ADA, as amended, 42 U.S.C. §§ 12101 *et seq*. Specifically, Defendant discriminated against Charging Party by failing or refusing to provide her with a reasonable accommodation and terminating her employment because of her disability and need for a reasonable accommodation under the ADA in violation of 42 U.S.C. § 12112(a) and (b), as amended.

15. Charging Party is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8).

16. At all relevant times, Charging Party has had an impairment (blindness) that substantially limits her in the major life activity of seeing.

17. Charging Party uses Job Access with Speech ("JAWS"), a screen reader application, to navigate computer desktops and websites because she is blind.

18. Defendant hired Charging Party as a Results Associate in July 2019.

19. For the Results Associates position, employees perform customer service and customer relations functions by speaking with callers by phone and navigating through Defendant's desktop and software and its clients' desktops and software.

20. Charging Party had 16 years of prior experience in call center-based customer service roles.

21. On June 18, 2019, Charging Party submitted a request for accommodation to Defendant's Human Resources Department. Specifically, that she needed to use the JAWS application on her computer to review written material on the screen to accommodate her blindness.

22. In connection with her request for an accommodation, Charging Party provided Defendant with a copy of JAWS software that was supplied to her by Texas Workforce Solutions – Vocational Rehabilitation Services ("TWS-VRS") to be installed on Defendant's desktops.

23. Defendant assigned Thomas Orr, an information technology specialist, to set up JAWS for Charging Party's work use.

24. Mr. Orr had no prior experience with JAWS.

25. Mr. Orr determined Charging Party's version of JAWS software was out of date.

26. On August 16, 2019, Defendant asked Charging Party to step down from her position until she obtained the newest version of JAWS, at which point she would be rehired.

27. Charging Party's counselor at TWS-VRC contacted Defendant on or about November 18, 2019, to determine whether the upgraded JAWS software was compatible with Defendant's

systems.

28. TWS-VRS purchased the JAWS upgrade on November 27, 2019 and sent Mr. Orr the Serial Number and Authorization code.

29. Charging Party provided Defendant with contact information for her counselor at TWS-VRS, as well as for a contact person at Freedom Scientific, the publisher of JAWS. Both individuals were available to assist Defendant with installing the JAWS update at no cost.

30. When Charging Party returned to work on or about December 5, 2019, Defendant had still not installed the new version of JAWS.

31. Likewise, Defendant did not avail itself of the free resources that Charging Party offered, or the assistance of any other third party, with making JAWS compatible.

32. Matthew Bailey supervised Charging Party following her return to work with Defendant.

33. Mr. Bailey had no prior experience with JAWS and no IT related responsibilities while employed by Defendant. Additionally, Mr. Bailey did not contact Freedom Scientific, Charging Party's counselor, or any third party to assist with setting up JAWS.

34. In January of 2020, Glenna Williams became Site Operations Director and Mr. Bailey's supervisor.

35. Defendant made no effort to determine if there were any client accounts that used software that was compatible with JAWS.

36. Ms. Williams told Mr. Bailey that she would need to consult HR before Mr. Bailey could contact Freedom Scientific to request technical assistance to make JAWS compatible.

37. Ms. Williams did not contact HR.

38. Defendant never contacted Freedom Scientific to request technical assistance.

39. Mr. Bailey requested permission from Ms. Williams to move Charging Party to a new

client assignment, which he believed he would be able to make compatible with JAWS.

40. Ms. Williams permitted an attempt to set up JAWS with the new client assignment, but limited Mr. Bailey to two hours or less of compatibility testing and configuration.

41. Mr. Bailey and Mr. Orr were unable to resolve the compatibility issues with JAWS and the new client's software within the time constraint set by Ms. Williams.

42. Mr. Orr expressed his belief to Ms. Williams that the compatibility issues could be resolved with additional time, but no further time was allowed or effort made.

43. Defendant terminated Charging Party's employment on February 3, 2020.

44. Defendant took insufficient action to provide Charging Party with the use of screen reader software (JAWS) as an accommodation.

45. Providing Charging Party with the use of screen reader software (JAWS) would not have caused Defendant undue hardship.

46. Defendant failed or refused to accommodate Charging Party by failing or refusing to avail itself of free or easily accessible resources to resolve compatibility issues between JAWS screen reader software and software necessary for Charging Party to perform the essential functions of her job in violation of the ADA, 42 U.S.C. § 12112 (b) (5) (A).

47. Defendant discriminated against Charging Party by terminating her employment based on her need for a reasonable accommodation in violation of the ADA, 42 U.S.C. § 12112 (a) and (b).

48. The effect of the practices complained of in Paragraphs 14–47 has been to deprive Charging Party of equal employment opportunities and to otherwise adversely affect her status as an employee because of her disability, in violation of Title I of the ADA, 42 U.S.C. § 12112.

49. The unlawful employment practices complained of in Paragraphs 14–47 above were intentional.

50. The unlawful employment practices complained of in Paragraphs 14–47 above were done with malice or with reckless indifference to Charging Party's federally protected rights.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against any qualified employees, because of their disability, by engaging in any employment practice which discriminates on the basis of disability;

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices;

C. Order Defendant to make Charging Party whole, who was adversely affected by Defendant's discriminatory conduct, by providing appropriate back pay with prejudgment interest, and reinstatement or front pay in lieu of, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant to make Charging Party whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraphs 14–47, in amounts to be determined at trial;

E. Order Defendant to make Charging Party whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in Paragraphs 14–47 above, including, but not limited to, humiliation, emotional pain and suffering, stress, inconvenience, and loss of enjoyment of life, in amounts to be determined at trial;

    F.    Order Defendant to pay Charging Party punitive damages for its malicious and/or reckless conduct as described in Paragraphs 14–47 above, in amounts to be determined at trial;

    G.    Grant such further relief as the Court deems necessary and proper in the public interest; and

    H.    Award the Commission its costs in this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

KARLA GILBRIDE
General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

ROBERT CANINO
Regional Attorney

/s/ Alexa Lang
ALEXA LANG
Trial Attorney
Texas State Bar No. 24105356
Email: alexa.lang@eeoc.gov

PHILIP MOSS
Trial Attorney
Texas State Bar No. 24074764
Email: philip.moss@eeoc.gov

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Dallas District Office
217 S. Houston St., 3rd floor
Dallas, Texas 75201
Telephone: 972-918-3648
Facsimile: 214-253-2749

**ATTORNEYS FOR PLAINTIFF**