IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT § <br> OPPORTUNITY COMMISSION § <br> § <br>     Plaintiff, § <br> § <br> v. § <br> § <br> THE RESULTS COMPANIES, LLC, § <br> § <br>     Defendant. § | | CASE NO. 7:24-CV-00128-O |

## **DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

Defendant The Results Companies, LLC ("Defendant") files its Answer to Plaintiff Equal Employment Opportunity Commission's ("Plaintiff") Original Complaint (the "Complaint").

### NATURE OF THE ACTION

In response to the "Nature of the Action" Paragraph of the Complaint, Defendant admits the action is asserted pursuant to the Americans with Disabilities Act and Title I of the Civil Rights Act of 1991 but denies the remainder of the allegations of the "Nature of the Action" paragraph.

### JURISDICTION AND VENUE

1. Defendant neither admits nor denies the allegations of Paragraph 1 of the Complaint as they appear jurisdictional in nature and require no factual response.

2. Defendant neither admits nor denies the allegations of Paragraph 2 of the Complaint as they appear jurisdictional in nature and require no factual response.

### PARTIES

3. Defendant admits the allegations in Paragraph 3 of the Complaint.

4. Defendant denies the allegations in Paragraph 4 of the Complaint. The Results Companies, LLC is a Delaware Limited Liability Company.

5. Defendant admits the allegations in Paragraph 5 of the Complaint.

6. Defendant admits the allegations in Paragraph 6 of the Complaint.

7. Defendant admits the allegations in Paragraph 7 of the Complaint.

## ADMINISTRATIVE PROCEDURES

8. Defendant admits the allegations in Paragraph 8 of the Complaint.

9. Defendant admits that the Commission issued a letter of determination on December 7, 2023, and further admits that the Commission invited Defendant to attempt reconciliation but denies that Defendant engaged in any unlawful employment practice.

10. Defendant admits that the Commission communicate with it to address the Letter of Determination, but it denies that Defendant engaged in any discriminatory practices.

11. Defendant admits the allegations in Paragraph 11 of the Complaint.

12. Defendant admits the allegations in Paragraph 12 of the Complaint.

13. Defendant denies the allegations in Paragraph 13 of the Complaint.

## STATEMENT OF CLAIMS

14. Defendant denies the allegations in Paragraph 14 of the Complaint.

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

16. Defendant admits the allegations in Paragraph 16 of the Complaint.

17. Defendant admits the allegations in paragraph 17 on information and belief.

18. Defendant admits the allegations in Paragraph 18 of the Complaint.

19. Defendant admits the allegations in Paragraph 19 of the Complaint.

20. Defendant can neither admit nor deny the allegations in Paragraph 20 of the Complaint for lack of knowledge.

21. Defendant admits the allegations in Paragraph 21 of the Complaint.

22. In response to Paragraph 22 of the Complaint, Defendant admits that Ms. Gorman provided a version of the JAWS software but for lack of knowledge cannot admit or deny from where she obtained it.

23. Defendant admits the allegations in Paragraph 23 of the Complaint.

24. Defendant denies the allegations in Paragraph 24 of the Complaint.

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

27. Defendant denies the allegations in Paragraph 27 of the Complaint as written. Defendant admits its IT personnel did meet with Ms. Gorman's TWS-VRC case worker in efforts to facilitate the use of thew JAWS software.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Defendant denies the allegations in Paragraph 29 of the Complaint.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant admits the allegations in Paragraph 32 of the Complaint.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant admits the allegations in Paragraph 34 of the Complaint.

35. Defendant denies the allegations in Paragraph 35 of the Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Complaint.

37. Defendant denies the allegations in Paragraph 37 of the Complaint.

38. Defendant denies the allegations in Paragraph 38 of the Complaint.

39. Defendant admits the allegations in Paragraph 39 of the Complaint.

40. Defendant admits that attempts were made to utilize JAWS with other clients of Defendant, but denies the remaining allegations in Paragraph 40 of the Complaint.

41. Defendant denies the allegations in Paragraph 41 of the Complaint.

42. Defendant denies the allegations in Paragraph 42 of the Complaint.

43. Defendant admits the allegations in Paragraph 43 of the Complaint.

44. Defendant denies the allegations in Paragraph 44 of the Complaint.

45. Defendant denies the allegations in Paragraph 45 of the Complaint.

46. Defendant denies the allegations in Paragraph 46 of the Complaint.

47. Defendant denies the allegations in Paragraph 47 of the Complaint.

48. Defendant denies the allegations in Paragraph 48 of the Complaint.

49. Defendant denies the allegations in Paragraph 49 of the Complaint.

50. Defendant denies the allegations in Paragraph 50 of the Complaint.

### PRAYER FOR RELIEF

Defendant denies that the EEOC or Ms. Gorman are entitled to the relief sought by the EEOC in Prayer for Relief.

### DEFENDANT'S DEFENSES AND AFFIRMATIVE DEFENSES

Subject to and without waiving the denials above, and without conceding that Defendant bears the burden of proof as to any issue, Defendant asserts the following affirmative and other defenses to some or all of Plaintiff's claims and/or damage requests, each in the alternative and to the extent necessary and applicable:

1. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or after-acquired evidence.

2.  Defendant specifically invokes all statutory limitations of liability applicable to any and all asserted causes of action in this case, including all applicable exemplary damages caps or limitations.

3.  Some or all of Plaintiff's claims are barred, in whole or in part, by her failure to exhaust administrative remedies or otherwise comply with all conditions precedent to the filing of claims asserted in this action.

4.  Defendant affirmatively asserts that Plaintiff is not entitled to any or all of the relief sought in the Complaint.

5.  Plaintiff's Complaint fails in whole or in part to state a claim upon which relief can be granted.

6.  Defendant affirmatively asserts that Ms. Gorman's own acts or omissions caused or contributed to Plaintiff's alleged damages, as she failed to reasonably consider re-employment with Defendant when offered.

7.  Any action taken outside the course and scope of an employee of Defendant's employment and contrary to Defendant's policies, was not ratified, confirmed, or approved by Defendant.

8.  Defendant asserts that it would have made the same employment decision regarding Ms. Gorman for lawful reasons regardless of any alleged unlawful motive established by Plaintiff; nonetheless, Defendant denies that unlawful motives played any role whatsoever in Ms. Gorman's employment with Defendant.

9.  All employment decisions made regarding or affecting Ms. Gorman were based upon legitimate, non-discriminatory, non-retaliatory, and reasonable business considerations,

and were in no way related to Ms. Gorman's attempts to exercise her rights pursuant to any state or federal statute.

10. If any improper, illegal, or retaliatory actions were taken by any of Defendant's employees against Ms. Gorman, they were outside the course and scope of that employee's employment, contrary to Defendant's policies, and were not ratified, confirmed, or approved by Defendant. Thus, any such actions cannot be attributed or imputed to Defendant.

11. Defendant asserts Ms. Gorman failed to take reasonable steps to adequately mitigate her alleged damages.

12. Defendant is entitled to an offset for income, compensation, and benefits that Ms. Gorman received after her employment with defendant ended.

13. Defendant asserts its entitlement to any allowable credits or offsets against a judgment, if any, in favor of Plaintiff or Ms. Gorman.

14. Plaintiff's claims for punitive or liquidated damages are barred to the extent they are in violation of the Constitutions of the United States and the State of Texas, or any other applicable law.

15. Plaintiff has no evidence of, and cannot show that Defendant acted with, actual malice or with grossly intentional, willful and/or wanton action.

16. Defendant made good-faith efforts to prevent discrimination and retaliation in the workplace and to comply with federal and state law prohibiting discrimination and retaliation in employment and requiring reasonable accommodations for qualified individuals with disabilities. Defendant made substantial, good faith efforts to accommodate Ms. Gorman. Moreover, the conduct complained of by Plaintiff, if performed or carried out, was performed or carried out in good faith based upon reasonable grounds for believing such conduct was not

in violation of state or federal law, and therefore, Plaintiffs fail to state a claim for punitive or exemplary damages.

17.  Defendant asserts that the accommodations sought by Ms. Gorman were not reasonable or feasible.

18.  In addition to the foregoing defenses, Defendant reserves the right to assert any other defenses available upon the completion of discovery.

WHEREFORE, Defendant respectfully requests that the Court deny all of Plaintiff's claims, enter a take-nothing judgment in favor of Defendant, and dismiss Plaintiff's action with prejudice. Defendant further requests that it recover all costs of court from Plaintiff and that Defendant recover any other and further relief to which it is justly entitled.

Dated:  November 25, 2024         Respectfully submitted,

By: */s/ Paul E. Hash*
Paul E. Hash
Texas Bar No. 09198020
Paul.Hash@jacksonlewis.com
JACKSON LEWIS P.C.
500 N. Akard, Suite 2500
Dallas, Texas  75201
PH:  (214) 520-2400
FX:  (214) 520-2008

**ATTORNEY FOR DEFENDANT
THE RESULTS COMPANIES LLC**

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure on this 25th day of November, 2024.

    Robert A. Canino
    Alexa Lang
    Philip Moss
    EQUAL EMPLOYMENT
    OPPORTUNITY COMMISSION
    Dallas District Office
    207 S. Houston Street, 3rd Floor
    Dallas, Texas 75202
    Alexa.Lang@eeoc.gov
    Philip.Moss@eeoc.gov

    **Attorneys for Plaintiff**

                                               */s/ Paul E. Hash*
                                               Paul E. Hash