IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 7:24-CV-00128-O |
| THE RESULTS COMPANIES, LLC | § § § | |
| Defendant. | § | |

## CONSENT DECREE

THIS CONSENT DECREE is made and entered into by and between Plaintiff, the United States Equal Employment Opportunity Commission ("EEOC" or the "Commission"), and Defendant, The Results Companies LLC ("Defendant"). This Consent Decree resolves the allegations raised by the EEOC in the above-referenced Civil Action, 7:24-cv-00128-O. The EEOC initiated this lawsuit under Title I and Title V of the Americans with Disabilities Act of 1990, as amended ("ADA"), and Title I of the Civil Rights Act of 1991. Specifically, the EEOC alleged that Defendant discriminated against Intervenor Darlamicia Gorman ("Intervenor") in violation of the ADA by failing or refusing to provide her with a reasonable accommodation that would have allowed her to perform essential functions of her job. The Commission further alleges that Defendant terminated Intervenor's employment because of her disability and need for a reasonable accommodation under the ADA. The Parties wish to settle this action without the necessity of further litigation, and without the admission of any wrongdoing, pursuant to the terms delineated in this Consent Decree.

NOW, THEREFORE, in consideration of the mutual promises and agreements set forth herein, the sufficiency of which is hereby acknowledged, the parties agree as follows, this Court

1

finds appropriate, and therefore, it is ORDERED, ADJUDGED AND DECREED that:

1. This Court has jurisdiction to enforce the provisions set forth in this Consent Decree.

2. This Consent Decree resolves all issues raised in the EEOC's Complaint. The EEOC waives further litigation of all issues raised in the above-referenced Complaint. The EEOC, however, expressly reserves its right to process and litigate any other charges which may now be pending or may in the future be filed against Defendant.

3. During the term of this Consent Decree, Defendant's officers, managers, employees, agents, successors, and assigns agree not to engage in any employment practice that discriminates against employees on the basis of disability in violation of the ADA. Specifically, Defendant is enjoined from:

   a. Engaging in any employment practice that discriminates against employees with vision-related disabilities in violation of the ADA;

   b. Failing or refusing to reasonably accommodate employees' disabilities, including but not limited to failing or refusing to make reasonable efforts to make Defendant's desktop and software accessible to software used by employees with vision-related disabilities;

   c. Terminating the employment of any qualified individual because of their disability or because of their need for reasonable accommodation, including but not limited to assistive technology such as screen reader programs.

   d. Retaliating against any person because of their engagement in protected activity and/or opposition to any practice made unlawful pursuant to the ADA.

2

I. MONETARY RELIEF

4. Defendant shall pay Intervenor Darlamicia Gorman the sum of $250,000 in settlement of the claims raised in this case. This amount includes backpay and lost benefits from which Defendant will make the usual deductions and issue a Form W2 for this amount. It also includes compensatory damages, from which no deductions will be made and for which Defendant will issue a Form 1099. Finally, it includes attorney's fees. The EEOC will advise Defendant of the amount of each category of fees after the Effective Date of this Consent Decree. Defendant shall make payment by issuing checks for backpay, lost benefits, compensatory, and damages payable to Ms. Gorman and a check for attorney's fees payable to Disability Rights Texas within fifteen days of the entry of this Consent Decree. Within ten days after the checks have been sent, Defendant shall send an electronic copy of the check and proof of its delivery via email to the EEOC and to Intervenor.

5. The EEOC may be required to report the fact of this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the Internal Revenue Service (IRS).

Defendant's EIN is: 27-3664981

The individual to whom the EEOC should mail a copy of the form 1098-F, if the EEOC is required to issue one is:

Daniel Fano

100 NE Third Avenue, Suite 200

Fort Lauderdale, Florida 33301

II.     NON-MONETARY RELIEF

Defendant shall ensure no visually impaired employee is denied a reasonable accommodation including, but not limited to, the use of accessibility software on the basis of incompatibility with Defendant's desktop or software or a client's desktop or software without first consulting with an individual with specialized knowledge of accessibility software. An individual with specialized knowledge of accessibility software may include an employee of the Texas Workforce Commission's Vocational Rehabilitation Program or employee of an equivalent state agency, an employee of the appropriate accessibility software manufacturer, or a private accessibility technology consultant.

6.  **Review of Anti-Discrimination Policies and Practices:** Within 90 days from the Effective Date of this Consent Decree, Defendant shall review its existing anti-discrimination policies and practices and, where necessary, implement new and/or revised written policies that comply with the ADA. Defendant's revised anti-discrimination policies and practices shall contain the following minimum provisions:

   a. A written statement of Defendant's commitment to providing reasonable accommodations to employees with disabilities and preventing unlawful disability-based discrimination and retaliation, including retaliation for requesting or utilizing a reasonable accommodation;

   b. A written statement from Defendant's Chief Human Resources Officer or Chief Executive Officer that discrimination based on disability and retaliation for engaging in activity protected by the ADA (including requests for accommodation) violates the ADA and will not be tolerated;

   c. Contact information, including a telephone number and email address, to reach the individuals in Defendant's Human Resources Department responsible for handling requests for accommodation; A clear written explanation of the steps a person may take to report disability discrimination or retaliation;

   d. An assurance that Defendant will investigate any and all allegations of unlawful discrimination under the ADA, including denial of reasonable accommodations, and an assurance that such investigation will be prompt,

4

    fair, reasonable, and conducted by a neutral investigator specifically trained in receiving, processing and investigating allegations of discrimination;

e. An assurance that prompt, effective corrective action will be taken by Defendant to address any substantiated claims of unlawful discrimination and prevent recurrence of any such unlawful conduct;

f. A statement that discipline, up to and including termination, will be the consequences imposed upon individuals who violate Defendant's anti-discrimination policies;

g. A statement that the Defendant will maintain maximum feasible confidentiality for persons who report disability discrimination (including failure to accommodate, failure to hire, and retaliation), or who participate in an investigation into allegations of disability discrimination, harassment, and/or retaliation; and for witnesses who provide testimony or assistance in the investigation(s) of alleged discrimination.

7. **Reasonable Accommodation Procedures**: Within 90 days from the Effective Date of this Consent Decree, Defendant shall revise its written policies and procedures related to reasonable accommodation of disabilities to contain the following minimum provisions:

a. Contact information, including the telephone number and email address, for the individuals in Defendant's Human Resources Department responsible for handling requests for accommodation;

b. A clear description of Defendant's process for seeking accommodation of a disability;

c. A clear statement of Defendant's commitment to engaging in the interactive process with the individual requesting reasonable accommodation;

d. A clear explanation that Defendant will conduct an individualized assessment of the employee's accommodation needs; and

e. An assurance that Defendant will not deny reasonable accommodation to any qualified individual with a disability who uses assistive technology based on a claim that the assistive technology is not compatible with Defendant's desktop or software or a client's desktop or software without first consulting with an individual with specialized knowledge of accessibility software.

8. **Internal Accessibility Review:** In the event an applicant or current employee with a visual disability appears to require the use of software to assist or allow that individual to perform

5

the essential functions of the relevant position, Defendant will make reasonable efforts to accommodate that individual. Such efforts may include, but are not limited to, Defendant making its software or the software of its client successfully interface with the accessibility software needed by the individual or a different accessibility software that would enable the individual to perform the essential functions of the position. In the event the interface is not successful, Defendant will review other positions that are open and available with Defendant for which the individual is qualified to determine if accommodation can be effected in the alternative position.

9.     **Client Accessibility Review:** Defendant will revise its form client contract template to state that it complies with its responsibilities under the Americans With Disabilities Act and encourages its customers to comply with the Americans With Disabilities Act, and therefore, if an applicant or employee of Defendant requires the use of software or other equipment that will require an interface between the customer's software and the employee's or applicant's accessibility software, the customer shall cooperate with Defendant to attempt to create a successful interface between the client's software and the employee/applicant's accessibility software. Defendant will notify current clients of the same.

10.    **Publication of Revised Policies:** Within 90 days of the Effective Date of this Consent Decree, all of Defendant's policies related to the ADA, including all policies revised pursuant to this Consent Decree, must be published and made available to all employees via Defendant's internal website and by email or other electronic means.

11.    **Subsequent Amendment of Policies:** During the term of this Consent Decree, if Defendant subsequently amends any policies relating to the ADA, or if new federal laws require Defendant to amend any of said policies, Defendant will notify the EEOC in writing of the amendment(s) within 30 days of the implementation of the modified policy.

12.     **Disability Discrimination Training:** Within 180 days of the Effective Date of this Consent Decree, Defendant will develop a comprehensive ADA training program for all employees, including all Human Resources employees and supervisory/managerial personnel, on the ADA and Defendant's EEO policies and procedures. All training under this paragraph shall be given by an external consultant, which may include Defendant's external counsel, with expertise in the ADA and EEO matters at Defendant's expense.

  a.  Training to all U.S. employees will include, at a minimum, an explanation of the following:

  i.  an overview of applicant and employee rights and responsibilities under the ADA;

  ii.  an explanation of who is covered by the ADA;

  iii.  Defendant's policies prohibiting disability discrimination and retaliation, including policies revised pursuant to this Consent Decree;

  iv.  an explanation of the ways in which applicants and employees may request a reasonable accommodation;

  v.  an explanation of Defendant's obligation to engage in the interactive process after it receives a request for accommodation;

  vi.  a discussion of possible reasonable accommodations, including, but not limited to, modification of equipment and software so that they are usable by individuals who use assistive technology, such as screen readers software;

  vii.  a description of screen readers, including how such software programs assist employees who are blind or have visual disabilities in performing the essential functions of their jobs;

  viii.  contact information for all individuals in Defendant's Human Resources Department trained in Defendant's ADA policies and procedures.

  b.  The training described in this Consent Decree will be incorporated into Defendant's new employee orientation process.

  i.  The Employer's ADA training required by the Consent Decree for hourly personnel will consist of the following: all items in paragraph

        12(a), non-exhaustive examples of individuals and disabilities covered by the ADA, examples of accommodations to disabilities, and the identity of the individuals employed with the Employer who applicants and employees may go to for assistance with accommodations or questions. This training may be conducted by recorded video or in person or in a combination of the two but must be no less than 45 minutes in length.

    ii.    The Employer's ADA training required by the Consent Decree for managerial and supervisory personnel will consist of the following: all items in paragraph 12(a), non-exhaustive examples of accommodations to disabilities, the responsibilities of management and supervisory employees to comply with the ADA and company policies designed to assure compliance with the ADA, and the identity of the individuals employed with the Employer who applicants and employees may go to for assistance with accommodations or questions or to whom managerial and supervisory employees should go to with questions about the ADA. This training may be conducted by recorded video or in person or in a combination of the two but must be no less than one hour in length.

    iii.    The Employer's ADA training required by the Consent Decree for human resources personnel will consist of the following: all items in paragraph 12(a), non-exhaustive examples of accommodations to disabilities, the responsibilities of management and supervisory employees to comply with the ADA and company policies designed to assure compliance with the ADA, the duties of the employer and applicant/employee to engage in the interactive process in good faith, and the identity of the individuals employed with the Employer who applicants and employees may go to for assistance with accommodations or questions or to whom managerial and supervisory employees should go to when requests or need for ADA accommodations are raised. This training may be conducted by recorded video or in person or in a combination of the two but must be no less than two hours in length.

13.    **Notice Posting:**  Within 30 days of the Effective Date of this Consent Decree, Defendant shall electronically distribute the attached notice (the "Notice," attached as Exhibit "A") to all employees <u>by posting to its internal employee web portal or otherwise</u>. Defendant also shall post the Notice in conspicuous areas readily accessible to all employees (such as the employees' lounge or break room). The Notice shall remain posted for the duration of this Consent Decree. If any Notice is covered, removed, defaced, or otherwise altered, Defendant will promptly take action

8

to replace it. Defendant shall certify to the Commission, in writing, within 90 days of the Effective Date of this Consent Decree that the Notice has been properly posted.

14. **ADA Compliance and Discipline:** If any of Defendant's managers, and/or anyone employed in Defendant's Human Resources Department violates Defendant's policies related to the ADA, including but not limited to any policy described in this Consent Decree, he or she shall be subject to discipline, up to and including termination. Compliance with Defendant's policies related to the ADA shall be a factor in individual performance evaluations.

15. **Recordkeeping Obligations:** Commencing on the Effective Date and for the duration of this Consent Decree, Defendant shall maintain all records (including hard copy and electronically stored records) necessary to demonstrate its compliance with this Consent Decree, including, but not limited to, the documents specifically identified below:

    a.    All records of employees' requests for disability-related accommodations;

    b.    For each disability-related accommodation request that is not granted, a written statement explaining why the accommodation was not granted; and

    c.    All employee and applicant written reports or complaints of alleged disability-based discrimination and/or retaliation and all records of the investigation of those reports or complaints.

16. **Reporting Requirements:** Defendant shall provide annual reports in an electronic format to the EEOC. The first report will be submitted to the EEOC within 180 days after the Effective Date of the Consent Decree, and the last report will be due at the expiration of the term of the Consent Decree. Defendant shall be required to report on the topics below:

    a.    **Confirmation of Defendant's compliance with this Consent Decree**, including revision of Defendant's policies.

    b.    **Explanation of non-accommodation**: For each vision-related disability accommodation request that is not granted, a written statement explaining why the accommodation was not granted.

    c.    **Training:** For each training required under this Consent Decree, Defendant

       shall submit to the EEOC a registry of the number of training attendees, including their name and position. For each training conducted, Defendant will identify the vendor and trainer and **provide** a copy of the trainer's resume, program agenda, and training materials.

    d. **Posting of Notice:** Defendant shall recertify to the Commission that the Notice required to be posted under this Consent Decree has remained posted during the reporting period, or, if removed, was **promptly** replaced.

  17. **Information Requests**: For the duration of the Consent Decree, the EEOC shall have the right to request information from Defendant that demonstrates the organization's compliance with this Consent Decree, including relevant documents and access to witnesses. Defendant shall comply with a request for such information within 60 days of the request.

  18. **Binding:** The terms of this Consent Decree shall be binding upon Defendant, its agents, officers, employees, servants, successors, and assigns.

  19. **Designation of EEOC Representative:** When this Consent Decree requires the submission by Defendant of documents or other materials to the EEOC, unless otherwise specified herein, such documents or other materials shall be sent to the Commission c/o Alexa Lang, Trial Attorney, by email to alexa.lang@eeoc.gov and dallas.legal@eeoc.gov.

  20. **Cooperation:** Defendant agrees to instruct personnel within its employ, upon request by the EEOC, to cooperate with and to be interviewed by the EEOC for purposes of verifying compliance with this Consent Decree.

  21. **Costs and Fees:** The EEOC and Defendant, as parties to this Consent Decree shall bear their own costs and attorneys' fees incurred in this action as of the Effective Date of this Consent Decree.

  22. **Term of the Decree:** The duration of this Consent Decree shall be two years from its effective date. This Court shall retain jurisdiction of this action during the period of this Consent Decree and may enter such other and further relief as it deems appropriate to ensure implementation

and enforcement of the provisions of this Consent Decree.

23. **Non-Compliance Resolution:** If the EEOC believes that Defendant has not complied with any term or provision of this Consent Decree, it shall provide written notice of the alleged non-compliance, with a reasonable opportunity for Defendant to respond, prior to taking any action thereon (the "Notice of Alleged Non-Compliance"). The Notice of Alleged Non-Compliance shall be sent to Defendant at: ResultsCX, 1700 Markley Street, Suite 210, Norristown, PA 19401, Attention: Legal Department, with copy to: Resultslegal@resultstel.com, and shall include the Paragraph(s) of this Consent Decree alleged to be violated and a statement of the facts and circumstances relied upon as the basis of the EEOC's claim of noncompliance. Defendant shall then have thirty days from receipt of the Notice of Alleged Non-Compliance to respond to the EEOC regarding the alleged violation, during which time the EEOC shall not undertake any enforcement action. If the EEOC and Defendant are unable to resolve their dispute regarding the alleged violation, then the EEOC may seek enforcement of this Consent Decree with respect to the alleged violation in the United States District Court for the Northern District of Texas, Wichita Falls Division.

24. **Effective Date:** This Consent Decree shall become final and effective for all purposes when it is approved, signed, and filed by the Court. The Effective Date shall be used for the calculation of all time periods and actions required pursuant to this Consent Decree.

**SO ORDERED** this **18th day** of **April, 2025**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **FOR THE PLAINTIFF, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** | **FOR DEFENDANT, THE RESULTS COMPANIES, INC.** |

_____
RONALD L. PHILLIPS
Acting Regional Attorney
Ohio Bar No. 0070263
E-mail: ronald.phillips@eeoc.gov

ALEXA R. LANG
Trial Attorney
Texas State Bar No. 24105356
E-mail:  alexa.lang@eeoc.gov

PHILIP MOSS
Trial Attorney
Texas State Bar No. 24074764
Email: philip.moss@eeoc.gov

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Dallas District Office

207 Houston, 3rd Floor

Dallas, Texas 75202
Telephone: (972) 918-3598
Facsimile: (214) 253-2749

By: _____
The Results Companies, Inc.

As to form:

**ATTORNEYS FOR DEFENDANT**


_____
PAUL E. HASH
Texas Bar No. 09198020
Paul.Hash@jacksonlewis.com

**JACKSON LEWIS P.C.**
500 N. Akard, Suite 2500
Dallas, Texas 75201
PH: (214) 520-2400

**Exhibit A**

**NOTICE TO ALL EMPLOYEES**

**This NOTICE must not be altered, defaced, or covered by any other material.**

**POLICY:** Discrimination or retaliation of any kind can and often will discourage individuals from continuing with the application process, detract from an employee's job performance, discourage employees from remaining on the job, keep employees from advancing in their careers, and lowers overall employee morale and productivity. It is the policy of ResultsCX that discrimination and retaliation are unacceptable and will not be condoned.

**PURPOSE:** It is the purpose of this policy to reaffirm and amplify the requirements of Title I of the Americans with Disabilities Act and the amendments thereto and the Equal Employment Opportunity Commission's guidelines on discrimination and retaliation and to reiterate ResultsCX's policy against discrimination and retaliation.

**SCOPE:** This policy extends to all employees of ResultsCX, including the leadership team, management, non-management, and temporary and/or probationary employees.

**DEFINITION OF DISABILITY:** An employer cannot discriminate against qualified applicants or employees on the basis of disability. Under the Americans with Disabilities Act, an individual with a disability is a person who (a) has a physical or mental impairment that substantially limits one or more major life activities; (b) has a record of an impairment; or (c) is regarded as having such an impairment. The ADA also prohibits discrimination against a person because of their association or relationship with an individual with a known disability.

**GENERAL**: Examples of disability discrimination include, but are not limited to:

- Failing or refusing to hire an individual because of a disability, or discriminating in any other manner against an individual in regard to job application procedures or hiring, and other terms, conditions, and privileges of employment;
- Limiting, segregating, or classifying a job applicant or employee in a way that adversely affects the opportunities or status of such applicant or employee because of the disability of such applicant or employee;
- Utilizing standards, criteria, or methods of administration that have the effect of discrimination on the basis of disability;
- Failing to provide a qualified individual with a disability with a reasonable accommodation, unless doing so would cause an undue hardship;
- Denying employment opportunities to a qualified job applicant based on the applicant's need for a reasonable accommodation;
- Failing to make a proper, individualized assessment of the effect of a job applicant's or employee's disability on his or her ability to perform essential functions of the job at issue; and
- Requiring an employee to answer disability-related questions and/or submit to a medical

examination that is not both job-related and consistent with business necessity.

**REASONABLE ACCOMMODATION:** Under the ADA, an employer must make a reasonable accommodation to the known physical or mental limitations of a qualified applicant or employee with a disability unless it can show that the accommodation would cause an undue hardship on the operation of its business. Some examples of a reasonable accommodation include:

- making equipment and software compatible for use by people who use assistive technology, including but not limited to screen reader software;
- modifying portions of application and training processes for applicants and new employees who require such modification in order to complete these processes;
- making existing facilities used by employees readily accessible to, and usable by, an individual with a disability;
- job restructuring;
- modifying work schedules;
- reassignment to a vacant position;
- acquiring or modifying equipment or devices;
- providing qualified readers or sign language interpreters.

Additionally, medical leave is a reasonable accommodation. Employees returning from a medical leave are entitled to return to work if he or she is able to perform the essential functions of the job, with or without a reasonable accommodation.

**RESPONSIBILITY:** Each level of management is responsible for ensuring that all personnel policies, procedures, and activities are in full compliance with applicable federal, state, and local equal employment laws, statutes, rules, and regulations regarding discrimination and retaliation. Employees are expected to read, understand, and follow the policies ResultsCX established to prevent discrimination and retaliation.

**REPORTING PROCEDURES:** Any employee who believes that he or she has been subjected to discrimination on the basis of disability and/or retaliation, or becomes aware of such discrimination, is expected to report the alleged act as soon as possible to that person's immediate supervisor, any supervisor or manager with ResultsCX, or directly to ResultsCX's human resources department. Managers and supervisors who are informed of an alleged incident of discrimination must immediately notify the Human Resources Department. In addition to reporting a complaint of discrimination and/or retaliation to company officials, a person may also contact the U.S. Equal Employment Opportunity Commission and file a charge of employment discrimination and/or retaliation. The address and telephone number of the EEOC's Dallas District Office is 207 S. Houston Street, Dallas, Texas 75243; 972-918-3580 or 512-974-2445 (TTY). Information about employment rights and the procedures dealing with how to file a charge are available on the Internet at www.eeoc.gov.

**INVESTIGATION OF COMPLAINTS:** A complete investigation of each complaint will be undertaken by ResultsCX's Human Resources Department. The investigation may include interviewing employees and supervisors, the inspection of documents, including personnel records, and a full inspection of the premises.

**PUNISHMENT FOR VIOLATION:** Employees who engage in discrimination and/or retaliation can expect serious disciplinary action. After an appropriate investigation, any employee, whether management or non-management, who has been found to have engaged in discrimination and/or retaliation against another employee or an applicant will be subject to appropriate discipline, depending on the circumstances, from a written warning placed in his/her personnel file up to and including termination of employment.

**RETALIATION:** There shall be no retaliation against any employee because that person has opposed what they believe to be unlawful employment practices, including discrimination, has filed a charge of discrimination, or has given testimony, assistance, or otherwise participated in any manner in any investigation, proceeding or hearing under the ADA. ResultsCX will not punish you for reporting discrimination simply because you have made a complaint under the above guidelines.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE REMOVED OR DEFACED BY ANYONE.  THIS NOTICE WILL BE POSTED FOR A PERIOD OF TWO YEARS.**

Signed this _____ day of _____.

_____
The Results Companies LLC